UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ALEX CATALA, individually and on behalf of all others similarly situated,

         Plaintiff,

-against-

HEALTH SOS P.T. P.C., and SANDRA FOSCHI, individually,

         Defendants.
------------------------------------------------------------------------x

Civil Action No.: 18-CV-431

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff ALEX CATALA ("Catala") brings this collective action for damages and other legal and equitable relief against the Defendants HEALTH SOS P.T. P.C. and SANDRA FOSCHI ("Defendants"), upon personal knowledge as to himself and upon information and belief as to all others similarly situated ("Plaintiffs"), for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the New York State Labor Law ("NYLL"), the New York Code of Rules and Regulations ("N.Y.C.R.R."), The New York Wage Theft Prevention Act, and any other causes of action that can be inferred from the facts set forth herein:

## INTRODUCTION

1.  This is an action brought by Catala challenging acts committed by Defendants against Catala and Plaintiffs amounting to collective and class claims of violations of Federal and State wage and hour laws.

2.  As more fully described below, during the relevant time periods, Defendants willfully violated the FLSA and the applicable state laws of the State of New York by (1) failing to pay Catala and Plaintiffs overtime of time and one-half their regular rate of pay for all hours

1

worked over forty in a week; and (2) failing to provide hiring notices at the time of hire or any time thereafter.

  3. Defendants failure to pay Catala and Plaintiffs for their overtime of time and one-half their regular rate was and is in direct violation of the FLSA and applicable state laws of the State of New York.

  4. Defendants committed violations of these laws by engaging in a systematic scheme of misclassifying Catala and Plaintiffs as exempt from the overtime requirements of the FLSA and applicable state laws of the State of New York.

  5. Catala has retained the law offices of Bouklas Gaylord LLP to represent him in this matter. Catala has retained competent counsel experienced in complex wage and hour litigation. There is no conflict between Catala or any other Plaintiff.

## JURISDICTION AND VENUE

  6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute 28 U.S.C. 2201; (iii) under 29 U.S.C. § 201 et seq.

  7. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219, in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Defendants maintain offices, conduct business and reside in this district.

9. The amount in controversy is within the jurisdictional limits of this Court.

10. This Court has jurisdiction over all claims in this action.

11. All conditions precedent to filing this cause of action have been met.

## PARTIES

12. Catala is a citizen of New York State and resides in Briarwood, New York.

13. Catala is a former employee of Defendants. Catala was, at all times throughout his employment with Defendants, a covered, non-exempt employee within the meaning of the FLSA and NYLL. As such, Catala was, and is, entitled to be paid at the rate of time and one-half his regular rate of pay for all hours worked over forty in a week.

14. Upon information and belief, Defendant Health SOS P.T. P.C. is a corporation organized under the laws of the State of New York with a principal place of business at 1015 Saw Mill River Rd, Ardsley, New York, 10502.

15. Upon information and belief, Defendant Sandra Foschi is a resident of the State of New York.

16. Upon information and belief, Health SOS P.T. P.C. is owned, operated, and managed by Foschi.

17. Defendants directly or indirectly acted in the interest of an employer towards Catala and Plaintiffs, at all material times, including without limitation, directly or indirectly controlling the terms of employment of Catala and Plaintiffs.

18. At all relevant times, Defendants had or continue to have substantial control over Catala's and Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

19. Upon information and belief, Health SOS P.T. P.C. has a qualifying annual volume of business in excess of $500,000, thereby subjecting Defendants to the FLSA's overtime requirements. Additionally, all of Defendants' employees are engaged in interstate commerce as they all handle goods that have been moved in interstate commerce, which independently subjects Defendants to the overtime requirements of the FLSA.

20. Foschi is an owner of Health SOS P.T. P.C. and holds executive positions for Health SOS P.T. P.C. and thus is personally liable for unpaid wages. Furthermore, Foschi qualifies as an employer under the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

21. Catala seeks to bring this suit pursuant to 29 U.S.C. § 216(b) on his own behalf as well as those in the following class:

> Current and former employees of Defendants who performed any work for Defendants as non-managerial employees who give consent to file a cause of action to recover overtime compensation which is legally due them for the time worked in excess of 40 hours in a given work week; to recover the difference between the amount of wages actually paid to them and the amount which they were entitled to pursuant to the overtime requirements of the FLSA ("FLSA Plaintiffs").

22. Catala is similarly situated to all FLSA Plaintiffs because while employed by Defendants, Catala and FLSA Plaintiffs: performed similar tasks; were subject to the same laws and regulations; were paid in the same or similar manner; were paid the same or similar rate; were not paid an amount equal to the applicable Federal and State minimum wage requirements;

4

and were not compensated at the required overtime rate of pay for hours worked in excess of 40 in a given week.

23. Defendants treated all FLSA Plaintiffs similarly in requiring them to work in excess of 40 hours per workweek without overtime compensation. Catala and FLSA Plaintiffs work and/or worked for Defendants beyond 40 hours per workweek, and were specifically scheduled to work beyond 40 hours per workweek, yet Defendants did not pay them the statutorily required overtime compensation. This practice was enforced against all employees in similar or identical fashion.

24. Defendants treated all FLSA Plaintiffs similarly in requiring them to work in excess of 40 hours per workweek without additional compensation, as required by the New York labor regulations.

25. Defendants are and have been aware of the requirement to pay Catala and FLSA Plaintiffs in accordance with minimum wage, overtime, and all other applicable labor laws, yet purposefully chose not to.

26. All of the work that Catala and FLSA Plaintiffs performed had been assigned by Defendants, and/or Defendants have been aware of all of the work that Catala and Plaintiffs performed.

## RULE 23 CLASS ALLEGATIONS

27. Catala additionally seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on his own behalf as well as those who are similarly situated and are also FLSA Plaintiffs, who, during the applicable statutes of limitations, were subjected to violations of the New York Labor Law.

28. The Class which Plaintiff seeks to define includes:

> All persons employed by Defendants to perform any work in any of Defendants' locations in any capacity during the statutory period within the State of New York who (1) worked in excess of 40 hours per week and were not compensated with overtime pay, and/or (2) who were not provided wage notices upon hire, and/or (3) who were not provided accurate wage statements ("Class Plaintiffs").

29. Upon information and belief, during the previous six years, Defendants have, in total, in excess of 50 employees in order to staff eight facilities in New York and Connecticut that Defendants operate, including Midtown East, West Side, and Soho in Manhattan; Park Slope in Brooklyn; three locations in Bayside, Queens; Deer Park in Long Island; Westchester; White Plains; and Cos Cob, Connecticut. The Class Plaintiffs are so numerous that joinder of all members in one proceeding is impracticable.

30. There are common questions and law/fact that govern over the claims which are available to each and every Class Plaintiff, including but not limited to the following:

   a. Whether Class Plaintiffs were compensated for overtime pay pursuant to Defendants' policies;

   b. Whether Class Plaintiffs were misclassified as exempt employees for purposes of overtime payments;

   c. Whether Defendant kept accurate records of hours worked by Class Plaintiffs;

   d. Whether Class Plaintiffs were compensated for hours worked beyond 10 in a given day;

   e. Whether Class Plaintiffs were provided wage notices upon hire; and

   f. Whether Class Plaintiffs were provided accurate wage statements.

31. Catala was employed by Defendants in substantially the same capacity as all of Defendants' employees aside from management or other exempt employees. All of Defendants'

employees were treated the same or similarly by management with respect to pay or lack thereof. Thus, there are common questions of law and fact which are applicable to each and every one of Defendants' employees.

32. This treatment included, but was not limited to, failure to pay employees the proper overtime wages and failure to compensate employees in accordance with the statutorily prescribed minimum rate of pay.

33. Defendants have acted or have refused to act on grounds generally applicable to all Class Plaintiffs, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

34. Catala, the representative party is no longer employed by Defendants. Catala has kept substantial records from his time working for Defendants and would properly and adequately represent the current and former employees who have been subjected to the treatment alleged herein. Additionally, Plaintiff's attorneys have substantial experience in this field of law.

35. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results. Catala has no facts relating to the class claim that are atypical from those of the class. Upon information and belief, Catala was treated identical to other employees.

36. Class Plaintiffs should be readily identifiable from Defendants' records.

37. There is no conflict between Catala or any Class Plaintiff.

38. Because Catala is no longer employed by Defendants, he will be able to further represent Class Plaintiffs by acting without fear of further retaliation and harassment. Thus, this means protecting all of Class Plaintiffs' rights is superior to any other method.

39. Catala intends to send notice to all Class Plaintiffs to the extent required by Article 9 of the CPLR.

## FACTS

40. Catala was employed by Defendant as a Physical Therapy Trainer, also referred to as a Physical Therapy Aide, during the period from approximately September 15, 2016 through November 15, 2017.

41. Catala was not provided with a written notice of pay rate at the time of hire, or any time thereafter.

42. Catala's rate of pay from September 15, 2016 through approximately September 1, 2017 was $15 per hour. From September 1, 2017 through November 15, 2017, Catala's hourly rate of pay was $15.75 per hour.

43. Catala's regular schedule from his date of hire through approximately March 1, 2017 was Monday through Friday, with shifts lasting approximately 8 hours. From March 1, 2017 through October 1, 2017 his regular schedule was Monday through Saturday, with shifts lasting approximately 8 hours.

44. Catala was paid bi-weekly.

45. Catala's duties were to perform labor in furtherance of Defendants' business.

46. At all times during Catala's employment Defendants were subject to the overtime rate of pay requirements under the FLSA and NYLL and any other applicable federal and state wage requirements and labor laws.

47. During this period, Catala was not an exempt employee under any applicable overtime requirements.

8

48. During this period, Catala would "clock-in" at the start of every shift and "clock-out" at the end of every shift via Defendants' timekeeping system.

49. During this period, Catala routinely worked in excess of 40 hour per week performing services for Defendants.

50. For the services performed, Catala was entitled to overtime pay of one and one half his regular rate of pay for hours worked in excess of 40 hours per week.

51. For example, during the pay period of June 26, 2017 through July 9, 2017 Catala did work 93.85 hours. He worked 45.5 hours the first week and 48.35 hours the second week. During this period Catala's rate of pay was $15 per hour for each hour worked, including hours worked over 40. Catala should have been paid $22.50 per hour for 13.85 hours, representing hours worked in excess of 40 per week. Instead, Catala was paid $15 for all hours worked. As such, Catala was underpaid at least $103.88 for this pay period.

52. At all times during Catala's employment, Defendants willfully refused to pay Catala a rate of pay equal to or greater than one and one half his regular rate of pay for hours worked in excess of 40 hours in a given week, in violation of applicable law.

53. A good faith basis for believing that the underpayment of wages for Catala and Plaintiffs was in compliance with applicable wage laws does not exist.

54. Defendants' unlawful conduct has been widespread, repeated, and consistent.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS
ON BEHALF OF CATALA AND ALL PLAINTIFFS**

**For Violation of the New York Labor Law §§ 650 et. seq.**

55. Catala alleges and re-alleges all of the other paragraphs contained herein.

56. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations 12 NYCRR 142-3.2 apply to Defendants to protect Catala.

9

57. Defendant failed to pay Catala overtime wages to which he is entitled under the NYLL and supporting regulations.

58. By Defendants' knowing and/or intentional failure to pay Catala overtime wages for hours worked in excess of 40 in a week, Defendants have willfully violated NYLL § 190 *et seq*. including, but not limited to §§190, 191, 193, 198 and 650 and the supporting regulations.

59. Due to these violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages equal to 100% of the unpaid overtime wages, attorneys' fees, costs, and pre-judgment and post-judgment interest.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF CATALA AND ALL PLAINTIFFS

#### For Violation of Fair Labor Standards Act, 29 U.S.C. §§ 201-219

60. Catala alleges and re-alleges all of the other paragraphs contained herein.

61. Catala and Plaintiffs were required to work in excess of 40 hours a week without being compensated for those hours at the statutorily required time and a half pay. These practices were willful and lasted for the duration of the relevant time periods.

62. This practice is in violation of the Fair Labor Standards Act.

63. Due to these violations, Catala is entitled to recover from Defendants his unpaid overtime wages, liquidated damages equal to 100% of the unpaid overtime wages, attorneys' fees, costs, and pre-judgment and post-judgment interest.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF CATALA AND ALL PLAINTIFFS

#### For Violation of New York's Wage Theft Prevention Act

64. Catala alleges and re-alleges all of the other paragraphs contained herein.

65. Defendants did not provide Catala or Plaintiffs, at their times of hire, or any time thereafter, a hiring notice, including *inter alia*; rate or rates of pay, including overtime rate of pay; how Catala was to be paid: by the hour, shift, day, week, commission, etc.; regular payday; official name of the employer and any other names used for business (DBA); address and phone number of the employer's main office or principal location; and allowances taken as part of the minimum wage (tips, meal and lodging deductions).

66. Defendants willfully failed to supply Catala and Plaintiffs, as required by NYLL, with the hiring notice.

67. Due to Defendants' willful violation of the NYLL, Catala and Plaintiffs are entitled to statutory penalties of $50 for each day that Defendants failed to provide Catala with a hiring notice, to a maximum of $5,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Catala, on behalf of himself, Plaintiffs, and Class Plaintiffs demands judgment against Defendants as follows:

1. Issue notice to all similarly situated employees of their right to file consents to join this FLSA collective action;

2. Certification of the Class as described herein under FRCP 23 and appointing Plaintiff as representative of the Class and Plaintiff's counsel as lead counsel for the Class;

3. Demand a jury trial on these issues to determine liability and damages;

4. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

5. A judgment declaring that the practices complained herein are unlawful and in violation of New York Labor Law § 215; Fair Labor Standards Act, 29 U.S.C. §§ 201-19, ("FLSA"); the New York Labor Law §§ 650 et seq.; the New York "spread of hours" pay required pursuant to 12 N.Y.C.R.R. §142-2.4; the New York Wage Theft Prevention Act; and any other applicable state or federal statute or regulation.

6. All damages which all named Plaintiffs and those similarly situated have sustained as a result of Defendants' conduct, including back pay, statutory, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

7. Exemplary, punitive, and statutory damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional where appropriate and permitted by law;

8. Awarding all named Plaintiffs and those similarly situated their costs and disbursements incurred in connection with this action including reasonable attorneys' fees, and other costs;

9. Pre-judgment and post-judgment interest, as provided by law; and

10. Granting such other and further relief as this Court deems necessary and proper.

Dated: Jericho, New York
      January 22, 2018

                                      /S/ MARK GAYLORD
                                      Mark Gaylord, Esq.
                                      Bouklas Gaylord LLP
                                      *Attorneys for Plaintiffs*
                                      400 Jericho Turnpike Suite 226
                                      Jericho, NY 11753
                                      Phone: (516) 742-4949
                                      Fax:   (516) 742-1977