UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
ALEX CATALA, individually and on behalf
of all others similarly situated,

                Plaintiff,

             -against-

HEALTH SOS P.T. P.C., *et al.*,

                Defendants.
------------------------------------------------------------ X

**ORDER**
18 CV 0431 (CLP)

**POLLAK**, United States Magistrate Judge:

On January 22, 2018, plaintiff Alex Catala filed this action against defendants Health SOS

P.T. P.C., and Sandra Foschi (collectively, "defendants"), seeking damages based on a failure to

pay proper overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et

seq., and the New York Labor Law ("NYLL"), § 650 et seq.. (Compl.[1] ¶ 2).  In addition, the

Complaint alleges a violation of the NYLL based on defendants' failure to provide notice at the

time of hiring.  (Id.)  The parties have consented to the undersigned for all proceedings.

On August 7, 2018, the parties filed a joint letter for FLSA settlement approval.  On August

23, 2018, the Court held a telephone fairness hearing on the parties' motion.  For the reasons set

forth in this Order, the Court approves the parties' settlement as fair and reasonable.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff in this case was employed as a physical therapy trainer by defendants from

approximately September 15, 2016 through November 15, 2017.  (Compl. ¶ 40).  During this time,

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed January 22, 2018.

plaintiff claims that he was paid an hourly rate of between $15.00 and $15.75 per hour, and that he

occasionally worked in excess of forty hours a week. (Id. ¶¶ 42, 49; Mem.[2] at 1). Plaintiff claims

that defendants did not properly pay him overtime for the hours that he worked over 40 in a week,

and that he was not provided with a proper wage notice at the time of hire as required by the

NYLL. (Mem. at 1, 3). At the fairness hearing, and in his Memorandum, plaintiff's counsel

explained that based on the defendant's time records, it appears that plaintiff worked 89.55 hours

of overtime. (Id. at 4). Using the base rates of $15.00 and $15.75, counsel represented to the

Court that Mr. Catala was owed $705.21, plus liquidated damages, and up to $5,000 for the notice

violation, totaling $6,410.42. (Id.)

The proposed settlement is $10,000 for his FLSA wage and hour claims and the NYLL

claim. (Sett. Agr.[3] ¶ 2.1(a)).

For the reasons set forth below, the Court approves the settlement agreement as fair and

reasonable.

DISCUSSION

1.  Legal Standards

In considering whether to approve an FLSA settlement, courts "consider whether the

agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of

statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking

Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12,

---

[2] Citations to "Mem." refer to plaintiff's Memorandum of Law Regarding The Fairness Of A Settlement Agreement Including A Stipulation Of Dismissal With Prejudice For A Claim Brought Under The Fair Labor Standards Act, dated August 7, 2018.

[3] Citations to "Sett. Agr." refer to the Settlement Agreement, attached to plaintiff's letter, dated August 7, 2018.

2

2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2-3 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

2. Settlement Amount

The parties propose a total settlement amount of $10,000. (Sett. Agr. ¶ 2.1(a)). Given that there were numerous contested factual issues, including the issue of the notice and defendant's financial position, plaintiff believes the settlement is reasonable in that it compensates plaintiff for all overtime hours worked, plus full liquidated damages and an additional $4,754.25 for statutory damages. (Mem. at 4). In addition, the settlement amount covers plaintiff's attorney's fees with an additional $3,835.33. (Id. at 5). Counsel represents that he spent 11.2 hours on the matter and that his rate is $350 an hour, bringing his lodestar to $3,920.00, slightly less than the amount he is receiving in the settlement. (Id.)

Thus, of the $10,000, plaintiff will receive $6,164.67, and counsel will receive $3,835.33, including $502.00 in filing costs and service fees. (Id. at 6; Sett. Agr. ¶ 2.1(b)). The parties contend that this distribution is fair and reasonable. (Mem. at 7).

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations among experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335.

Having considered the various issues in dispute, and being familiar with the case, the Court finds that the settlement amount is fair and reasonable and that the attorney's fees are also reasonable based on the contingency fee percentage supported by case law in this district, and the lodestar crosscheck.

The parties shall file a stipulation of dismissal with prejudice by October 1, 2018.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.

Dated:   Brooklyn, New York
         August 30, 2018

/s/  Cheryl Pollak

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

4